**In the Interest of W.S.M., a Child.**

No. 06–02–00132–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 13, 2002.

Decided May 20, 2003.

Ebb B. Mobley, Longview, for appellants.

Andrea M. Thompson, Appellate Assistant District Atty., Longview, for appellee.

Myla G. Mayberry, Longview, Attorney Ad Litem.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

OPINION

Opinion by Justice WILLIAM J. CORNELIUS (Retired).

Randall Martin and Rhonda Martin, the mother and father of W.S.M., a child, appeal from the trial court's order terminating both their parental rights to W.S.M. They contend that the evidence is insufficient to support the trial court's finding that termination is in the best interests of the child. We affirm the judgment.

The mother and father have had a dysfunctional marriage from the beginning. They have three children, two of whom are now adults and live apart from the family, and W.S.M., who at the time of the termination hearing was seven years of age. During the parents' marriage, the father has physically abused the mother, and they have never had a permanent, stable home. The mother and father have separated on occasions and were separated at the time of the termination hearing. Both the mother and father have been convicted of crimes and have been in jail or on community supervision several times.

The evidence shows that both the mother and father, and especially the mother, have been extensive drug users. The mother has a long history of addiction to Vicodin, as well as regular use of cocaine, amphetamines, methadone, and marihuana. Their drug use apparently continues, although drug tests showed they were free of drugs shortly before the termination hearing, and they both deny that they are now regular users. Evidence shows that both of them have been admitted to drug treatment facilities. The mother walked out of her facility before finishing the program. The father completed a short

* William J. Cornelius, C.J., Retired, Sitting by Assignment

course, but reverted to continued drug and alcohol use shortly after leaving the facility.

The mother and father have moved frequently and have never established a permanent, stable home. The mother lives part of the time in a motel with a "boyfriend" who supplies her with drugs, and she at times even lived with W.S.M. in a truck. Both the mother and father are unable to provide a safe home for W.S.M. There is no suitable relative placement available for W.S.M. The mother does not work, and the father cannot provide well enough to have a permanent home.

Child Protective Services has worked with the mother and father for several years to help them learn parenting skills and develop a family plan, but none of these efforts has succeeded. The mother and father did not complete any of the prescribed family plans. W.S.M., although seven at the time of the hearing, has not learned to clean himself after using the toilet and does not know how to tie his shoes.

Professionals have evaluated the mother and father and W.S.M., and testified at the hearing that the parents are not able to care for W.S.M. in a stable environment. They opined that it would not be in W.S.M.'s best interests to return him to either parent. The mother is a potential danger to W.S.M. because she suffers from depression. She neglected a health problem until eventually W.S.M. had to have surgery. The mother testified she did not provide the needed medical care because she had no money and no insurance. She did not tell the father about the medical problem.

The trial court found that both the mother and father (1) knowingly placed or knowingly allowed W.S.M. to remain in conditions or surroundings which endanger the physical or emotional well-being of W.S.M., and (2) engaged in conduct or knowingly placed W.S.M. with persons who engaged in conduct which endangers the physical or emotional well-being of W.S.M. Tex. Fam.Code Ann. § 161.001(1)(D), (E) (Vernon 2002). The court further found that terminating the parental rights of Randall Martin and Rhonda Martin was in the best interests of W.S.M., and that no suitable relative placement for W.S.M. was available.

The mother and father do not dispute or challenge the evidence summarized above. The only contention they raise on appeal is that the evidence shows that W.S.M. loves his parents and has "bonded" with them, and therefore, termination of their parental rights could not be in W.S.M.'s best interests. We do not agree with this proposition. Although a child's love of his natural parents is a very important consideration in determining the best interests of the child, it cannot override or outweigh the overwhelming and undisputed evidence showing that the parents placed or allowed the child to remain in conditions, and engaged in conduct or placed the child with persons who engaged in conduct, which endangers the physical and emotional well-being of the child. The child's love of his parents cannot compensate for the lack of an opportunity to grow up in a normal and safe way equipped to live a normal, productive, and satisfying life.

We find sufficient evidence for the trial court to reasonably form a firm belief or conviction as to the truth of the State's allegations. Consequently, the trial court's judgment is supported by clear and convincing evidence. *In re C.H.*, 89 S.W.3d 17 (Tex.2002).

We affirm the judgment of the trial court.